IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15CV381

CEDRIC JACOBS,             )
                           )
    Plaintiff,             )
                           )
Vs.                        )           ORDER
                           )
UNITED PARCEL SERVICE,     )
INC.,                      )
                           )
    Defendant.             )
_____)

This matter is before the Court upon Defendant's Motion for Summary Judgment. Despite being sent a *Roseboro* notice, Plaintiff failed to file a response in opposition to Defendant's motion, and the Court entered an Order granting the motion. Plaintiff subsequently moved to vacate the Court's judgment, stating that he had not received the *Roseboro* notice, and filed a three-page response to UPS's Motion for Summary Judgment. The Court entered an Order granting Plaintiff's Motion to Vacate and permitting UPS to file a Reply in Support of its Motion for Summary Judgment within seven days of its Order. The Reply has now been filed and this matter is ripe for disposition.

Plaintiff Cedric Jacobs is a former part-time UPS Air Ramp Supervisor whose employment was terminated in June 2013. Plaintiff alleges in his Amended Complaint that UPS retaliated against him for taking leave under the Family Medical Leave Act ("FMLA") after the birth of his child in February 2013. Defendant argues that Plaintiff cannot demonstrate that he was an eligible employee who worked the requisite number of hours to be eligible for FMLA leave. Thus, he cannot establish a FMLA retaliation claim.

1

The Supreme Court has held that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party bears the initial burden of "pointing out to the district court that there is an absence of evidence supporting the nonmoving party's case." *Id*. at 323–25; *see also Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (finding that judges have "an affirmative obligation" to prevent factually unsupported claims from going to trial). When this burden is met, the non-moving party must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial. *Catawba Indian Tribe v. South Carolina*, 978 F.2d 1334, 1339 (4th Cir. 1992). The non-moving party must "go beyond the pleadings" and from the evidence "designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *E.E.O.C. v. Clay Printing Co.*, 955 F.2d 936, 943 (4th Cir. 1992).

Importantly, courts are permitted to grant a summary motion before the conclusion of discovery. *See Schmidt v. Town of Cheverly*, No. GJH-13-3282, 2014 U.S. Dist. LEXIS 134998, at *12 (D. Md. Sept. 25, 2014) (explaining that in accordance with Fed. R. Civ. P. 56(a) "the court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact' without distinguishing pre- or post-discovery.") (quoting Fed. R. Civ. P. 56(a)); *see e.g.*, *McKinnon v. Blank*, No. 12-1265, 2013 U.S. Dist. LEXIS 27637, at *2 (D. Md. Feb. 28, 2013) (finding that "[b]ecause there is no genuine issue of material fact based on the present record, and because there is no reasonable basis for concluding that the discovery

2

requested by Plaintiff would reveal a triable issue of fact, the motion will be granted."); *Green v. Caldera*, 19 F. App'x 79 (4th Cir. 2001) (relying on materials accompanying the pleadings of both parties and "find[ing] the district court's decision to proceed with the Defendant's motion for summary judgment before all discovery could be completed was not an abuse of discretion.").

To establish a prima facie case of retaliation under the FMLA, a plaintiff must show that (1) he engaged in protected activity; (2) his employer took an adverse action against him; and (3) a causal connection exists between the protected activity and the adverse action. *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 551 (4th Cir. 2006). The first prima facie element of a FMLA retaliation claim – protected activity – requires that a plaintiff demonstrate that he is an "eligible" employee. Under the FMLA, an "eligible employee" is one who (1) has been employed by the employer for at least 12 months; (2) worked a minimum of 1,250 hours during the 12-month period immediately preceding the start of the requested leave; and (3) worked at a worksite at which the employer employs more than 50 employees or employs more than 50 employees within 75 miles of the worksite. 29 U.S.C. § 26111(2)(A), (2)(B)(iii); 29 C.F.R. § 825.110(a), (d). Hours worked during the preceding 12-month period are computed from the date of the commencement of the leave. 29 C.F.R. 825.110(d). Furthermore, to determine whether a plaintiff worked the minimum 1,250 hours, courts must use the principles established under the Fair Labor Standards Act ("FLSA"). 29 C.F.R. § 825.110(c)(1). "The guidelines for calculating the number of 'hours worked' under the FLSA clearly state that only hours actually spent working count toward the FMLA 'hours of service' requirement." *Aldrich v. Greg*, 200 F. Supp. 2d 784, 787 (N.D. Ohio 2002) (citing 29 C.F.R. § 785. 16(a)). Specifically, "[p]eriods during which an employee is completely relieved from duty and which are long enough to enable him to

3

use the time effectively for his own purposes are not hours worked" for purposes of determining whether an employee has worked the requisite 1,250 hours. 29 C.F.R. § 785.16(a).

Defendant correctly argues that if Plaintiff did not satisfy the 1,250 hour requirement, he cannot be an "eligible employee" under the FMLA. Likewise, a plaintiff who was not eligible to take FMLA leave cannot maintain a FMLA retaliation claim because he cannot establish the first element of the prima facie claim for FMLA retaliation – that he engaged in "protected activity." *Wemmitt-Pauk v. Beech Mountain Club*, 140 F. Supp. 2d 571, 581 (W.D.N.C. 2001) (granting summary judgment to an employer on a FMLA retaliation claim because the "Plaintiff never engaged in a 'protected activity' under the FMLA; that is, she was not eligible for FMLA leave").

To qualify as an "eligible employee," Plaintiff must have worked 1,250 "hours of service" between February 17, 2012 and February 17, 2013, the first day Plaintiff contends in his Amended Complaint that he requested to be on leave. In support of its argument that Plaintiff was not an "eligible employee," Defendant submitted the Declaration of Chris Franzoni, Defendant's Human Resources Operations Manager where Plaintiff was employed. Mr. Franzoni attached Plaintiff's payroll history for the period between January 1, 2012 and June 3, 2013. Between February 17, 2012 and February 17, 2013, Plaintiff worked only 1,157.86 hours, nearly 100 fewer hours than the 1,250 required by the statute.

In his response brief, Plaintiff presents no evidence to dispute the number of hours he worked during this time period. Instead, for the first time, Plaintiff asserts that he began taking FMLA leave on October 2, 2012 and January 15, 2013. In its Reply, Defendant submitted a second Declaration of Mr. Franzoni, in which he shows that between October 2, 2011 and October 2, 2012, Plaintiff worked 1,193.24 hours, and between January 15, 2012 and January 15,

2013, Plaintiff worked 1,159.30 hours. Accordingly, regardless of whether Plaintiff began his leave on October 2, 2012, January 15, 2013, or February 17, 2013, he did not work the requisite number of hours to be a FMLA-eligible employee, and Plaintiff identifies no competent evidence showing otherwise.

Even if he could demonstrate that he worked the requisite number of hours to be considered an eligible employee, Plaintiff cannot demonstrate that a causal connection exists between his leave and his termination, which occurred in June of 2013. *See Perry v. Comput. Scis. Corp.*, No. l:10-cv-00175 (AJT/IDD), 2010 U.S. Dist. LEXIS 99709, at *28 (E.D. Va. Sep. 21, 2010), *aff'd*, 429 F. Appx. 218 (4th Cir., May 9, 2011) (finding that defendant did not violate the FMLA where the plaintiff's employment was terminated nearly five months after her leave expired); *see also Pascual v. Lowe's Home Ctrs., Inc.*, 193 F. App'x 229, 233 (4th Cir. 2006) (finding that three to four month gap separating plaintiff's termination and claimed protected activities was too long to establish a causal connection under Title VII and explaining that "the passage of time alone cannot provide proof of causation unless the 'temporal proximity between an employer's knowledge of protected activity and an adverse employment action' was 'very close.'").

In his response brief, Plaintiff also states that he "complained to management with a letter, timesheets about removed overtime hours worked and management refused to pay." This unsupported, cryptic allegation is insufficient to establish a dispute of material fact regarding the number of hours Plaintiff worked during the 12-month periods preceding his claimed leaves of absence. Plaintiff provides no competent evidence quantifying the number of hours of overtime he contends were removed from his timesheets, when the hours were allegedly worked, to whom he complained in management, or the circumstances surrounding

5

the alleged removal of the hours. It is well-settled that speculation and unsupported allegations are insufficient to establish a dispute of material fact. *See Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995) ("Mere unsupported speculation . . . is not enough to defeat a summary judgment motion."*); Greene v. Dialysis Clinic,* 159 F. Supp. 2d 228, 241 (W.D.N.C. 2001) ("Speculative assertions that a defendant's motivation was unlawful is not enough to withstand summary judgment; and conclusory statements will not satisfy a plaintiff's burden in responding to a motion for summary judgment.").

Plaintiff also appears to make the argument that because UPS had previously approved him for FMLA leave, he assumed he was a FMLA-eligible employee who engaged in protected activity. UPS admits that as a result of an administrative error, its Human Resources Service Center erroneously approved Plaintiff for FMLA leave between February and March 2013. However, UPS's mistaken approval of Plaintiff's request to take FMLA leave does not preclude the Court from finding that Plaintiff was not eligible for FMLA leave. *See Franklin v. Greenheck Fan Corporation*, No. 04-13-JMH, 2005 U.S. Dist. LEXIS 48901, at *17-*21 (E.D. Ky. July 8, 2005) (granting summary judgment for the employer on the plaintiff's FMLA interference claim, holding that although the employer mistakenly approved the plaintiff's request for FMLA leave, the plaintiff was not an eligible employee under the statute because she had not worked the requisite 1,250 hours in the 12 months preceding the start of her leave).

The Court finds that Plaintiff is not an "eligible employee" under the FMLA and, therefore, had no rights under the FMLA to exercise. Accordingly, he cannot establish that he engaged in protected activity under the statute. By failing to establish the very first element of his FMLA retaliation claim, Plaintiff's claim fails as a matter of law and summary judgment

for UPS is warranted. There is no need for the parties to engage in discovery in this case. UPS has provided the Court with pertinent payroll records reflecting all of the hours Plaintiff worked between May 29, 2011 and the termination of his employment on June 3, 2013. Plaintiff can present no evidence that he worked the requisite 1,250 hours to be a FMLA-eligible employee, and no amount of discovery will change, alter, or shed additional light on the undisputed fact that Plaintiff worked fewer than 1,250 hours during the time periods at issue.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment is hereby GRANTED.

Signed: December 5, 2016

Graham C. Mullen
United States District Judge